UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY KAYE REYNOLDS,

       Petitioner,

       Case No. 22-cv-10694
       Hon. Matthew F. Leitman

v.

JEREMY HOWARD,

       Respondent.
_____/

**ORDER DIRECTING PETITIONER TO
PROVIDE UPDATED CONTACT INFORMATION**

On June 4, 2019, Petitioner Kimberly Kaye Reynolds pleaded guilty to operating a motor vehicle while intoxicated/impaired/controlled substance, third offense ("OWI 3rd"), MICH. COMP. LAWS § 257.625(6)(d), possession of a controlled substance less than 25 grams, MICH. COMP. LAWS § 333.7403(2)(a)(5), and operating with a suspended license, MICH. COMP. LAWS § 257.904(1)(b), in the Eaton County Circuit Court. (*See* ECF No. 9-2.) The state trial court then sentenced her to 12 months in jail with credit for 59 days served and with the last 3 months of the sentence suspended to allow for inpatient treatment. (*See* ECF No. 9-3.) On July 7, 2020, Reynolds was found guilty of violating her probation. (*See* ECF No. 9-5.) Following that probation violation, the trial court sentenced her, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 5 to 15 years

in prison on the OWI 3rd and drug convictions and 59 days in jail on the suspended license conviction. (*See* ECF No. 9-6.)

On March 23, 2022, Reynolds filed a *pro se* petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In the petition, Reynolds raises claims concerning the scoring of the state sentencing guidelines, an upward sentencing departure, and the effectiveness of counsel for failing to object to those alleged errors at sentencing. (*See id.*) She does not challenge her underlying plea or convictions. (*See id.*)

From publicly available information, it appears that Reynolds was released from prison on parole on September 19, 2024. *See* Offender Profile, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=713248. She has not, however, provided the Court with updated contact information. As the Court previously informed Reynolds, under the Court's Local Rules, it is a party's responsibility to notify the Court if the party's contact information changes. (*See* Notice Regarding Parties' Responsibility to Notify Court of Address Changes, ECF No. 5, citing Local Rule 11.2.) The failure to do so is not a mere technical violation of the rules. Without updated contact information, the Court has no way of contacting Reynolds and administering this action.

Accordingly, the Court **ORDERS** Reynolds to provide the Court with updated contact information by no later than **March 24, 2025**.  The Court will send this notice to the only address it has for Reynolds – the address she previously provided the Court.  If Reynolds does not respond to this order by March 24, 2025, or if this order is returned to the Court as undeliverable, the Court will dismiss Reynolds' habeas petition without prejudice for failure to comply with the Court's rules and orders and the failure to prosecute this case.

    **IT IS SO ORDERED.**

                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  February 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 18, 2025, by electronic means and/or ordinary mail.

                              s/Holly A. Ryan
                              Case Manager
                              (313) 234-5126